UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT YOUNGE, on behalf of himself and others similarly situated,** | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | **COLLECTIVE ACTION COMPLAINT** |
| **HUNTINGTON BANCSHARES INCORPORATED, d/b/a The Huntington National Bank,** | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Robert Younge, by and through counsel, and for his Complaint against Defendant Huntington Bancshares Incorporated, d/b/a/, The Huntington National Bank ("Huntington" or "Defendant"), states and alleges the following:

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and Division and because Defendant conducts business throughout this District and Division.

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Stark County. Plaintiff's Consent to Join Form is attached hereto.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a for-profit corporation, organized and existing under the laws of the State of Maryland, doing and conducting business throughout various states in the United States, including in this District and Division, and has its principle office in this District and Division.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant provides online, retail and commercial financial services in approximately six states.

13. Defendant operates call centers in Ohio and Michigan.

14. At all times material to this Complaint, Plaintiff worked as a Phone Bank Customer Service Associate for Defendant in Akron, Ohio.

15. Other similarly situated employees were employed by Defendant as Phone Bank Customer Service Associates at Defendant's call centers.

16. Plaintiff and other similarly situated Phone Bank Customer Service Associates were classified by Defendants as non-exempt employees.

17. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

18. Plaintiff and other similarly situated employees were paid on an hourly basis.

19. As a Phone Bank Customer Service Associate, Plaintiff's job duties included receiving inbound customer calls regarding customer accounts.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

20. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems. Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

21. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

22. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

23. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

24. Plaintiff estimates that he spent approximately 10 minutes booting up, starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

25. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

26. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

27. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

28. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees. They cannot perform their work without booting up Defendant's computer systems, applications, and phone systems.

29. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated inbound call-center representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

30. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

31.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

32.     Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees before clocking in each day.

33.     The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in amounted to approximately 10 minutes when Defendant's computer systems were working properly, or longer when Defendant's computer systems were slow or not working.

### COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings Count One of the action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current Phone Bank Customer Service Associates employed by Defendant between April 10, 2015 and the present.

36.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of more than three hundred people.

37.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff

is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

38. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

41. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

42. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant

to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins;

C. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages as well as liquidated damages in an equal amount;

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

Nilges Draher, LLC


*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com


*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Shannon M. Draher*
Shannon M. Draher

Case: 2:18-cv-00314-MHW-CMV Doc #: 1 Filed: 04/10/18 Page: 8 of 8  PAGEID #: 8