## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT YOUNGE, on behalf of himself, and others similarly situated, | : : : | CASE NO. 2:18-cv-00314 |
| Plaintiff, | : : | Judge Sarah D. Morrison |
| v. | : : : | Magistrate Judge Chelsea M. Vascura |
| HUNTINGTON BANCSHARES INCORPORATED, d/b/a the Huntington National Bank, | : : : : | **JOINT MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT** |
| Defendant. | : : | |

Representative Plaintiff Robert Younge and Defendant Huntington Bancshares Incorporated d/b/a The Huntington National Bank respectfully move this Court to approve the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement"). The Settlement was reached by experienced counsel during arms-length, good faith negotiations. If approved, it will provide payment to 211 collective class members (collectively, "Plaintiffs"), including the Representative Plaintiff.

The settlement documents submitted for approval or entry by the Court consist of the following:

**Exhibit 1: Joint Stipulation of Settlement and Release with Exhibits**

**Exhibit 2: Proposed Order of Dismissal and Approving Settlement**

**Exhibit 3: Declaration of Shannon M. Draher**

The following memorandum in support explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

Respectfully submitted,

| | |
|---|---|
| *s/Shannon M. Draher via email approval* | *s/ Leigh Anne Benedic* |
| Shannon M. Draher (0074304) | Caroline H. Gentry (0066138) |
| Hans A. Nilges (0076017) | Porter Wright Morris & Arthur LLP |
| Nilges Draher, LLC | One South Main Street, Suite 1600 |
| 7266 Portage Street, N.W., Suite D | Dayton, Ohio 45402 |
| Massillon, Ohio 44646 | (937) 449-6748 / (937) 449-6820 Fax |
| (330) 470-4428 / (330) 754-1430 Fax | cgentry@porterwright.com |
| sdraher@ohlaborlaw.com | |
| hans@ohlaborlaw.com | Leigh Anne Benedic (0082120) |
| | Porter Wright Morris & Arthur LLP |
| *Attorneys for Plaintiffs* | 41 South High Street, Suite 3200 |
| | Columbus, Ohio 43215 |
| | (614) 227-1951 / (614) 227-2100 Fax |
| | lbenedic@porterwright.com |
| | |
| | *Attorneys for Defendants* |

**MEMORANDUM IN SUPPORT**

 A. **Lawsuit and Settlement**

On April 10, 2018, Representative Plaintiff filed this lawsuit against Defendants on behalf of himself and other similarly-situated current and former employees, alleging overtime violations under the FLSA. (Doc. 1; Draher Decl. ¶ 7.)[1] Representative Plaintiff alleged that Defendant violated the FLSA by failing to pay for time spent logging on to Defendant's computer, application, and phone systems at the beginning of each shift. Representative Plaintiff alleged these violations took place at Defendant's call centers located in Akron, Ohio; Columbus, Ohio; Flint, Michigan; and Holland, Michigan. Plaintiff amended his complaint on May 21 and August 9, 2018 (Docs. 21, 34; Draher Decl. ¶ 7.) Defendant has consistently, and still, deny any liability or wrongdoing as to the Plaintiffs. (*Id.* ¶ 8.)

Plaintiff's Motion for Conditional Certification was granted on October 23, 2018, and later approved the Parties' agreed upon class definition and notice to potential collective action members. (Docs. 36, 42; Draher Decl. ¶ 9.) Following issuance of the notice, 211 current and former Huntington employees from all four call center locations opted in to participate in the collective action. The Parties exchanged written discovery, including all pay and timekeeping records for each of the collective action members for the time period of April 15, 2015 through April 1, 2019. (Draher Decl. ¶ 9.)

Plaintiffs' Counsel, in conjunction with their data analyst, computed the 211 Plaintiffs' overtime damages by first determining the estimated number of minutes per day it takes to log into the required computer, application, and phone systems. That number was then multiplied by five to determine the total number of minutes each Plaintiff spent logging in each workweek during the

---

[1] The Draher Declaration is attached as Exhibit 3.

relevant time period. This weekly total was multiplied by each Plaintiff's applicable overtime rate, if the total number minutes taken to log-on time resulted in an overtime violation. (*Id.* ¶ 10).

Defendant produced written policies that specifically required call center employees to not shut down their computers and to open the timekeeping application and clock in before opening any other required application or logging on to the phone system. In addition, during the Parties' settlement negotiations, Defendant argued any log-on time was de minimis, taking mere seconds per day and that the two-year statute of limitations for non-willful violations of the FLSA should be applied to Plaintiffs' claims. (*Id.* ¶ 11).

After multiple weeks of negotiations, the Parties agreed to settle this case for $110,000. This amount represents 183 percent of the alleged unpaid overtime, assuming 7 minutes of log-on time for each day worked for each Plaintiff. (*Id.* ¶ 12.)

**B.    Settlement Terms**

If approved by the Court, the Settlement will cover 211 collective class members, including the Representative Plaintiff. The total settlement amount is $110,000.00, which will cover: (a) all individual payments to each Plaintiff; (b) a service award to Representative Plaintiff; and (c) Plaintiffs' Counsel's attorney fees and expenses. (*Id.* ¶ 13.)

The settlement amount will be divided as follows:

- $53,573.62 for individual payments to the Plaintiffs.  All individual payments will be calculated proportionally based on the number of workweeks each Plaintiff worked during the period of April 1, 2015 and January 24, 2020.  (*Id.* ¶ 14.)

- $5,000.00 to Representative Plaintiff Robert Younge, in addition to his individual payment. (*Id.* ¶ 14.)

2

- $47,426.38 to Plaintiffs' Counsel for attorney fees and costs. The attorneys' fees represent one-third of the total settlement amount. The expenses are $10,759.71, all of which were incurred in pursuing the action. (*Id*. ¶ 14.)

In exchange for these payments and other consideration provided for in the Agreement, this action will be dismissed, and Plaintiffs will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Complaint (with its amendments) or those wage-and-hour claims which could have been asserted in the Action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorney fees, and expenses pursuant to the FLSA, and any applicable state or local wage statute where Plaintiffs worked for Defendants, including but not limited to the Ohio Minimum Fair Wage Standards Act and the Michigan Improved Workforce Opportunity Wage Act for the released period, which is defined as the period of April 10, 2015 until the date on which the Court enters an Order approving the Settlement.

The Parties jointly submit that this Action involves FLSA claims only, brought under 29 U.S.C. § 216(b), and therefore that the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA") does not apply to this Settlement.

## PROPRIETY OF APPROVAL OF THE SETTLEMENT

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Shannon M. Draher, and as explained below, Court approval is warranted on all scores.

### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D.Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v.*

3

*United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declaration of Shannon M. Draher, this standard supports approval of the Settlement.

### 1. No Indicia of Fraud or Collusion Exists

The Parties' counsel each have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Agreement was achieved only after arms-length and good faith negotiations between the Parties. (Draher Decl., ¶¶ 5, 6, 10–12). As such, there is no indicia of fraud or collusion.

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular,

are expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims. Plaintiffs claim that Defendants failed to pay them for log-on time. Defendants maintain that they paid for all log-on time and/or that such time is de minimis. In addition, the Parties continue to disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies. (*Id*. ¶¶ 7-8, 11.)

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (*Id*. ¶¶ 16–18, 21, 22.)

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation and discovery prior to negotiating the Settlement. Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendants. Thus, the legal issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides. In addition, Defendant produced timekeeping and payroll records and the Parties engaged experts to review those records and assess the log-on time at issue. (*Id*. ¶¶ 9–11.)

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all. (*Id*. ¶¶ 11, 16.)

### 5. Uncertainty of Recovery Supports Approval

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. As an example, the Parties significantly disagree as to the amount of time take for the log-on activities, and whether such time is compensable or de minimis under the FLSA. (*Id*. ¶¶ 11, 17.)

### 6. Experienced Counsels' Views Favor Approval

The Parties' counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole, as described in the Declaration of Shannon M. Draher. (*Id*. ¶ 15.)

## B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *31 E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)). All components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

### 1. The Individual Payments Are Reasonable and Adequate

All individual payments will be calculated proportionally based on the number of workweeks each Plaintiff worked during the period of April 1, 2015 and January 24, 2020. (Draher Decl. ¶ 14). If approved by the Court, before deductions, the Plaintiffs will receive 183 percent of their alleged unpaid overtime, assuming seven minutes of log-on time for each day worked for each Plaintiff. (*Id*. ¶ 13).

### 2. Representative Plaintiff's Service Award Is Proper and Reasonable

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Prods. Antitrust Lit.*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re So. Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). Courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiff contributed significant time, effort, and detailed factual information enabling the Parties to successfully resolve this matter. His time and efforts support the requested service payment. He also agreed to put his name on the line as Representative Plaintiff. (Draher Decl., ¶ 22.)

### 3. The Attorney Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The Settlement reflects Defendants agreement to pay Plaintiffs' Counsel one-third of the settlement amount plus reasonable fees and costs incurred in the litigation. (*Id.* ¶14.)

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

One-third fee requests are typically approved in collective actions. *See Braucher, et al. v. Atlas Railroad Construction, LLC.*, N.D.Ohio No. 5:14-cv-01601 (May 29, 2015) (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery); *Green, et al. v. H.A.D., Inc.*, S.D.Ohio No. 2:15-cv-933 (same); *Mulloy, et al. v. Cuyahoga County*, N.D.Ohio No. 1:14-cv-02546 (same); *see also Terry v. All Hearts Home Health Care,* N.D.Ohio No. 1:16-cv-515; *Houston, et. al. v. Progressive Casualty Ins. Co.,* N.D.Ohio No. 1:15-cv-01853; *Rucker v. Quality Blow Molding,* N.D.Ohio No. 1:15-cv-1039; *Douglas, et al. v. J&K Subway, Inc.,* N.D.Ohio No. 4:14-cv-2621; *Smith v. CMHA*, N.D.Ohio No. 1:14-cv-1409; *Armbruster v. City of Cleveland*, N.D.Ohio No. 1:13-cv-2626; *Williams v. Beckett Air, Inc.*,

8

N.D.Ohio No. 1:12-cv-2796; *Welch v. Incept Corp.*, N.D.Ohio No. 5:12-cv-1775; *Malaj v. Gohlke*, N.D.Ohio No. 1:11-cv-1578; *Campbell v. Judson Services*, N.D.Ohio No. 1:11-cv-906; *Murphy v. 1-800-Flowers*, N.D.Ohio No. 1:10-cv-1822; *Miller v. Nat'l Ent. Sys.*, N.D.Ohio No. 1:10-cv-1664; *Osolin v. Turocy & Watson LLP, et al,* N.D.Ohio No. 1:09-cv-2935; *Kelly v. Nat'l Ent. Sys.*, N.D.Ohio No. 1:09-cv-2268; *McNelley v. Aldi,* N.D.Ohio No. 1:09-cv-1868; *Rotuna v. W. Customer Management Gp.,* N.D.Ohio No.4:09-cv-1608; *Jackson v. Papa John's*, N.D.Ohio No. 1:08-cv-2791; *Dillworth v. Case Farms*, N.D.Ohio No. 5:08-cv-1694; *Fincham v. Nestlé Prepared Foods Co.*, N.D.Ohio No.1:08-cv-73; and *McGhee v. Allied Waste Ind.*, N.D.Ohio 1:07-cv-1110. (Draher Decl., ¶ 19.)

Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendants could have succeeded. Therefore, the Plaintiffs were at great risk for non-payment. This risk of non-payment strongly supports the amount requested here and warrants approval. (Draher Decl., ¶ 22.)

Plaintiffs' Counsel's expenses are estimated to be approximately $10,759.71. All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Settlement. (Draher Decl., ¶ 20.)

## CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' Counsel's request for attorney fees, costs, and expenses; (3) approve the Representative Plaintiff's Service Payment; and (4) retain jurisdiction to enforce the Settlement.

Respectfully submitted,

| | |
|---|---|
| *s/Shannon M. Draher via email approval* | *s/ Leigh Anne Benedic* |
| Shannon M. Draher (0074304) | Caroline H. Gentry (0066138) |
| Hans A. Nilges (0076017) | Porter Wright Morris & Arthur LLP |
| Nilges Draher, LLC | One South Main Street, Suite 1600 |
| 7266 Portage Street, N.W., Suite D | Dayton, Ohio 45402 |
| Massillon, Ohio 44646 | (937) 449-6748 / (937) 449-6820 Fax |
| (330) 470-4428 / (330) 754-1430 Fax | cgentry@porterwright.com |
| sdraher@ohlaborlaw.com | |
| hans@ohlaborlaw.com | Leigh Anne Benedic (0082120) |
| | Porter Wright Morris & Arthur LLP |
| *Attorneys for Plaintiffs* | 41 South High Street, Suite 3200 |
| | Columbus, Ohio 43215 |
| | (614) 227-1951 / (614) 227-2100 Fax |
| | lbenedic@porterwright.com |
| | |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2020, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

       Shannon M. Draher (0074304)
       Hans A. Nilges (0076017)
       7266 Portage Street, N.W., Suite D
       Massillon, OH 44646

                              */s/    Leigh Anne Benedic*

13032744v3