# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT YOUNGE, on behalf of himself, and others similarly situated, | CASE NO. 2:18-cv-00314 |
| Plaintiff, | Judge Sarah D. Morrison |
| v. | Magistrate Judge Chelsea M. Vascura |
| HUNTINGTON BANCSHARES INCORPORATED, d/b/a the Huntington National Bank, | **ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT** |
| Defendant. | |

WHEREAS:

A. On January 24, 2020, Plaintiff Robert Younge ("Representative Plaintiff"), on behalf of himself and other similarly situated current and former employees, and Defendant Huntington Bancshares Incorporated, by their counsel of record, filed with this Court the Joint Motion for Approval (the "Motion"), to which was attached the Joint Stipulation of Settlement and Release with Exhibits (the "Settlement Agreement") and the Declaration of Shannon M. Draher ("Declaration") in support of the settlement negotiated and agreed to by the Parties in the above-captioned collective action under § 216(b) of the Fair Labor Standards Act ("Action");

B. This Court has duly considered all of the submissions presented with respect to the Motion; and

C. All capitalized terms in this Order of Dismissal and Approving FLSA Settlement ("Approval Order") that are not otherwise defined have the same meaning as in the Settlement Agreement.

1

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Approval Order will be binding on the Parties as defined in the Settlement Agreement.

2. The settlement as reflected in the Settlement Agreement is fair, reasonable and adequate, is in the best interests of the Plaintiffs and should be approved, especially in the light of the benefits to the Plaintiffs accruing therefrom, the discovery and investigation conducted by Defendant's Counsel and Plaintiffs' Counsel prior to the settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

3. The Collective Action Notice attached as Exhibit A to the Settlement Agreement fully and accurately informs the Plaintiffs of all material elements of the Action and the Settlement.

4. The parties propose to disseminate the aforesaid Collective Action Notice and Settlement Checks to all Plaintiffs via first class mail to the last known addresses of all Plaintiffs, as well as the Service Award to Representative Plaintiff. This Court finds that the form and method of disseminating the Notice, Settlement Checks, and Service Award fully meets any applicable legal requirements.

5. Based on the foregoing, the proposed Collective Action Notice is hereby approved by the Court.

6. Within fourteen (14) days after entry of this Approval Order, Plaintiffs' Counsel and Defendant's Counsel shall cooperate to provide to the Settlement Administrator the last known mailing addresses of Plaintiffs. Within thirty (30) days after entry of this Approval Order, Defendant will pay the Settlement Fund to the Settlement Administrator. Within thirty (30) days after entry of this Approval Order, the Settlement Administrator shall mail the Collective Action Notice and Settlement Checks to the last known addresses of each Plaintiff.

7. Any Settlement Check or Service Award that remains unclaimed or uncashed after one-hundred twenty (120) days of issuance to a Plaintiff will be deemed null and void and will revert back to Defendant, with such payment to be made from the Settlement Administrator to Defendant, within thirty (30) days thereafter (and with notice to Plaintiffs' Counsel of the sum and date of issuance).

8. The settlement is hereby approved in accordance with Section 216 of the Fair Labor Standards Act and shall be consummated in accordance with the terms and provisions thereof.

9. The Service Award to Representative Plaintiff is approved as fair and reasonable.

10. The attorneys' fees and costs are approved as fair and reasonable.

11. This Action is hereby dismissed in its entirety, on the merits, as against Defendant Huntington Bancshares Incorporated with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement. This Court intends this Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

12. All Plaintiffs shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all Released Claims arising at any time up until entry of the Approval Order.

13. Representative Plaintiff, upon entry of the Approval Order, shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all Service Award Released Claims arising at any time prior to entry of the Approval Order.

14. The settlement is not an admission by Defendant nor is this Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant.

15. Furthermore, the settlement is not a concession by Defendant and shall not be used as an admission of fault, omission, or wrongdoing by Defendant. Neither this Approval Order, nor the Settlement Agreement, nor any document referred to herein, shall be offered in evidence in any action or proceeding against the Parties hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Approval Order.

16. This Approval Order, the Settlement Agreement and exhibits thereto, and any other papers and records or files in the Action may be filed in this Court or in any other litigation as evidence of the settlement by Defendant to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims or Service Award Released Claims.

17. Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendant, Representative Plaintiff, and each other Plaintiff, for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the implementation of the terms of the Settlement Agreement and this Approval Order. Defendant, the Representative Plaintiff, and each other Plaintiff, are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Approval Order or the Settlement Agreement.

18. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Approval Order.

For the reasons stated, the Joint Motion to Approve Collective Action Settlement is **GRANTED** (ECF No. 88) and the case is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison<br>
SARAH D. MORRISON<br>
UNITED STATES DISTRICT JUDGE